**ORDERED.**

Dated: August 05, 2010



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>JULIA V. VASQUEZ,<br>              Debtor. | Chapter 13<br><br>Case No. 4:08-bk-15510-EWH |
| JULIA V. VASQUEZ, et al.,<br>              Plaintiff,<br>v.<br>SAXON MORTGAGE, INC., a Virginia corporation, et al,<br>              Defendants. | Case No. 4-08-ap-00794-EWH<br><br>**MEMORANDUM DECISION** |

Pending before the court is the Plaintiff's one remaining claim against Saxon Mortgage, Inc. ("Saxon") for an alleged violations of A.R.S. § 33-420. Because the facts are undisputed, the court requested simultaneous legal memorandum from the Plaintiff and Saxon on the applicability of the statute to Saxon. Only the Debtor filed a memorandum. The court has considered that memorandum, but finds that the statute does not apply in this case.

**DISCUSSION**

The Plaintiff executed a note ("Note") secured by a deed of trust ("DOT") in favor of Saxon in early September 2005. In late September 2005, Saxon sold Plaintiff's loan to Deutsche Bank National Trust Company ("Deutsche") as part of the "securitization" of Plaintiff's loan. No public record of that sale occurred until November 7, 2008, when Saxon recorded an Assignment of Deed of Trust" ("Assignment") to Deutsche dated October 29, 2008. The Plaintiff claims that because of its sale of the Note and DOT in 2005, Saxon no longer held any interest in the DOT or the Note to assign -- making the Assignment groundless. The court need not decide that question, however, because for § 33-420 to apply, the party asserting the "groundless claim" must be claiming "an interest in, or a lien or encumbrance, against real property." In recording the Assignment, Saxon was not purporting to claim an interest in the Plaintiff's property. A.R.S. § 33-420 simply does not apply to the facts here.[1] Accordingly, there is no claim against Saxon for a violation of § 33-420 and the Plaintiff's Third Amended Complaint will be dismissed.[2]

For the reasons set forth in the court's Memorandum Decision of this date , all of the remaining claims in the Plaintiff's Third Amended Complaint are hereby dismissed.

---

[1] The Plaintiff's Memorandum also asserts that the filing of the Assignment violated A.R.S. § 33-411.01, which requires that any transfer of real estate be recorded by a transferor within sixty days of the transfer. That statute, however, does not include a monetary penalty provision like § 33-420. Furthermore, it only provides a remedy for the transferee in the form of indemnification from the transferor in actions challenging the transfer. In any event, the Third Amended Complaint only seeks relief under § 33-420, and the court is not inclined to permit further amendments (formal or informal) to an adversary which has been pending since 2008.

[2] While the recording of the Assignment did not violate § 33-420, Saxon's filing of a proof of claim and a motion for relief from stay after it sold the Note and DOT and after the date of the Assignment is the subject of an Order to Show Cause, set on the court's own motion, as to why sanctions should not be imposed against Saxon and its professional.

2

1 | Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Julia V. Vasquez
402 West Melridge Street
Tucson, AZ 85706

Beverly B. Parker
Southern Arizona Legal Aid, Inc.
2343 East Broadway Blvd. #200
Tucson, AZ 85719-6007

Eric J. McNeilus
Heurlin Sherlock Panahi
1636 North Swan Rd., Suite 200
Tucson, AZ 85712-4096

Douglas A. Toleno
Pite Duncan, LLP
4375 Justland Drive, Suite 200
PO Box 17935
San Diego, CA 92177-0935

Mark S. Bosco
Tiffany & Bosco P.A.
2525 North Camelback Rd., Suite 300
Phoenix, AZ 85016

Dianne C. Kerns
7320 N. La Cholla #154 PMB 413
Tucson, AZ 85714-2305

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003